**STATE of Alaska, Petitioner,**

v.

**Kenneth L. BINGAMAN, Respondent.**

**No. A–7107.**

Court of Appeals of Alaska.

Oct. 22, 1999.

---

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

Peter F. Mysing, Kenai, for Respondent.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *O P I N I O N*

COATS, Chief Judge.

Alaska Rule of Evidence 404(b)(4) provides that "[i]n a prosecution for a crime involving domestic violence ... evidence of other crimes involving domestic violence by the defendant against the same or another person ... is admissible." [1] This petition presents the question of whether the admission of "evidence of other crimes involving domestic violence" requires proof of a conviction under this rule. The trial judge ruled that only incidents of domestic violence where the defendant had actually been convicted of a crime were admissible. We conclude that the trial judge erred and hold that Rule 404(b)(4) "evidence of other crimes involving

---

1. The full text of Alaska Rule of Evidence 404(b)(4) provides:

 In a prosecution for a crime involving domestic violence or of interfering with a report of a crime involving domestic violence, evidence of other crimes involving domestic violence by the defendant against the same or another person or of interfering with a report of a crime involving domestic violence is admissible. In this paragraph, "domestic violence" and "crime involving domestic violence" have the meanings given in AS 18.66.990.

 Alaska Statute 18.66.990(3) provides:

 "[D]omestic violence" and "crime involving domestic violence" mean one or more of the following offenses or a law or ordinance of another jurisdiction having elements similar to these offenses, or an attempt to commit the offense, by a household member against another household member:
 (A) a crime against the person under AS 11.41;
 (B) burglary under AS 11.46.300–11.46.310;
 (C) criminal trespass under AS 11.46.320–11.46.330;
 (D) arson or criminally negligent burning under AS 11.46.400–11.46.430;
 (E) criminal mischief under AS 11.46.480–11.46.486;
 (F) terroristic threatening under AS 11.56.810;
 (G) violating a domestic violence order under AS 11.56.740; or
 (H) harassment under AS 11.61.120(a)(2)-(4)[.]

domestic violence by the defendant" does not require proof of a conviction to be admissible.

Kenneth L. Bingaman was charged with three counts of sexual abuse of a minor in the second degree,[2] a class B felony, for conduct spanning more than a year and involving S.H., the daughter of his live-in girlfriend. A grand jury also charged Bingaman with one count of assault in the third degree,[3] a class C felony for conduct involving K.H., S.H.'s mother. At trial, the state gave notice of its intent to introduce evidence pursuant to Rule 404(b)(4) of several prior incidents of assault involving Bingaman and several members of the victims' household.

Bingaman filed for a protective order to exclude this evidence. Superior Court Judge Harold Brown granted the protective order, ruling that before he could admit evidence of other crimes under Rule 404(b)(4), the state had to prove that Bingaman had been convicted of a crime for the incident. Judge Brown also ruled that evidence of some of the incidents which the state sought to admit was more prejudicial than probative, and was therefore inadmissible under Rule 403. The state brought a petition for review, which this court granted.

▮▮▮ Whether "other crimes involving domestic violence" requires a conviction is a question of law which this court is to review independently.[4] "We are to adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[5]

. Alaska Rule of Evidence 404(b) describes circumstances when evidence of prior bad acts is admissible. The rule starts out with a prohibition. Rule 404(b)(1) states that evidence of a person's other wrongful acts is not admissible "if the sole purpose for offering the evidence is to prove the character of a person in order to show that the person acted in conformity therewith." But the rule

provides that such evidence is admissible if it is relevant for any other purpose. Other sections of 404(b) describe other circumstances where prior bad acts are admissible. Rule 404(b)(2) provides that "in a prosecution for a crime involving a physical or sexual assault or abuse of a minor, evidence of other acts by the defendant toward the same or another child is admissible." Rule 404(b)(3) provides that in a prosecution for sexual assault or attempted sexual assault, evidence of other sexual assaults or attempted sexual assaults by the defendant is admissible if the defendant relies on a defense of consent. Furthermore, Rule 404(b)(3) provides that in a prosecution for an attempt to commit a sexual assault, evidence of other sexual assaults or attempted sexual assaults is admissible if committed by the defendant. Under all of these sections of Rule 404(b), this court and the supreme court have not required proof that the prior bad act resulted in a criminal conviction in order to admit evidence of a relevant prior bad act.[6]

Bingaman attempts to distinguish these prior holdings by pointing to the broader language of the other subsections of Rule 404. For instance, Rule 404(b)(1) refers to "other crimes, wrongs, or acts." Bingaman points out that subsection 404(b)(4) refers to evidence of other "crimes" involving domestic violence. Bingaman argues that this language indicates that the legislature wanted to limit the prior acts of domestic violence to only include convictions. We disagree. Had the legislature referred to evidence of other "acts" involving domestic violence, this language could have included prior acts of domestic violence which might not be chargeable as a crime. By limiting the prior acts of domestic violence to crimes, the legislature limited the domestic violence which would be

---

2. AS 11.41.436(a)(5)(A).

3. AS 11.41.220(a)(1)(A).

4. *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996).

5. *State v. Breeze*, 873 P.2d 627, 631–32 (Alaska App.1994).

6. *Frink v. State*, 597 P.2d 154 (Alaska 1979) (interpreting 404(b)(1)); *Smithart v. State*, 946 P.2d 1264 (Alaska App.1997) (interpreting 404(b)(1) and 404(b)(2)); *Russell v. State*, 934 P.2d 1335 (Alaska App.1997) (interpreting 404(b)(3)). These prior decisions suggest that the various subsections of 404(b) should be read *in pari materia* with one another. 2B Norman J. Singer, Sutherland Statutory Construction § 51.02, at 121–22 (5th ed.1992).

admissible to certain specified crimes.[7] Had the legislature wished to limit the admissibility of prior incidents of domestic violence to convictions, it appears that it would have been easy for them to say that directly. For instance, Alaska Rule of Evidence 609 provides that a witness may be impeached by evidence of a prior conviction for a crime involving dishonesty or false statement. It appears that the legislature concluded that prior serious incidents of domestic violence by a defendant, which could be chargeable as a crime, could be probative in a prosecution for a crime involving domestic violence.

The dictionary defines a crime as "an act committed in violation of a law prohibiting it, or omitted in violation of a law ordering it."[8] The revised criminal code defines "crime" as "an offense for which a sentence of imprisonment is authorized."[9] Both of these definitions merely require an act for which punishment is authorized. They do not require a criminal conviction. Furthermore, as the state points out, the legislature appears to consistently use the phrase "crimes involving domestic violence," defined in AS 18.66.990(3), in a context which indicates that the legislature is referring to a criminal act, not a criminal conviction. For instance, AS 12.25.030(b)(2)(A) authorizes an officer to arrest without a warrant a person who the officer believes has "committed a crime involving domestic violence." The statute is clearly authorizing the officer to arrest a person who has committed a criminal act rather than a person who has already been convicted of a "crime involving domestic violence." Furthermore, AS 18.66.100(a) provides that "a person who is or has been a victim of a crime involving domestic violence" may obtain a protective order in court. Clearly the statute is designed to protect a person who has been the victim of a criminal act. The procedure is designed to protect victims of domestic violence expeditiously, before there has been time to obtain a criminal conviction.

We conclude that prior case law interpreting other sections of Rule 404(b), the language of Rule 404(b)(4), and the legislature's prior use of the phrase "crime involving domestic violence" all point to the conclusion that the legislature intended to authorize the courts to admit evidence of relevant prior acts by defendants which constitute "crimes involving domestic violence," as defined in AS 18.66.990(3).

■ Bingaman contends that the interpretation of the rule which we have accepted would violate his due process rights by sanctioning the admission of evidence of questionable relevance. He argues that admission of this evidence would undermine his right to a fair trial. Bingaman's claim is premature. Although evidence may be relevant under Rule 404(b), a trial judge is always under the duty to exclude evidence under Rule 403 if its "probative value is outweighed by the danger of unfair prejudice."[10] In his pretrial rulings, Judge Brown has already ruled that several incidents which the state wished to admit in Bingaman's trial would be inadmissible under Rule 403. Our decision is limited to the legal conclusion that the phrase "evidence of other crimes involving domestic violence by the defendant" in Rule 404(b)(4) is not limited to evidence of the defendant's prior convictions. Exactly what evidence will be admissible in Bingaman's trial is a decision which is reserved for the trial court, reviewable by us only on appeal for an abuse of discretion. We accordingly conclude that Bingaman's due process argument is not ripe for decision.

---

7. *See* AS 18.66.990(3).

8. Webster's New World Dictionary of the American Language (2d ed.1980).

9. AS 11.81.900(b)(9).

10. A.R.E. 403.